[Cite as *State v. Dale*, 2026-Ohio-3044.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2026-CA-9 |
| Appellee | : | |
| | : | Trial Court Case No. 2024 CR 0369 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| DARREN DALE AKA | : | Court) |
| DANIELLE N. REYES | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 7, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, J., and HUFFMAN, J., concur.

**OPINION**

DANIELLE N. REYES, Appellant, Pro Se
MEGAN A. HAMMOND, Attorney for Appellee

TUCKER, J.

**{¶ 1}** Darren Dale, a.k.a. Danielle N. Reyes, appeals pro se from the trial court's overruling of her post-sentence motion to withdraw her guilty plea to one count of felonious assault.

**{¶ 2}** Reyes contends that the trial court erred in accepting her guilty plea, because it was not entered knowingly, intelligently, or voluntarily. She claims the trial court erred in not inquiring further after she responded during the plea hearing that she had been promised "something" in exchange for the plea.[1] She also claims her attorney provided ineffective assistance by using her transgender status to "coerce" the plea. Finally, she asserts that the trial court and the prosecutor breached a plea agreement regarding judicial release, rendering the guilty plea invalid.

**{¶ 3}** For the reasons set forth below, we find Reyes' arguments to be without merit and affirm the trial court's judgment.

## I. Background

**{¶ 4}** A grand jury indicted Reyes on charges of felonious assault and domestic violence. She subsequently entered into a plea agreement with the State. Reyes agreed to plead guilty to felonious assault in exchange for dismissal of the domestic violence charge. The parties also agreed to a prison term of four to six years, and the State agreed not to oppose judicial release. During a Crim.R. 11 hearing, the trial court explained to Reyes that

---

1. We refer to appellant as "she" because that is the pronoun used by the parties.

it was not bound by the plea agreement, and it made no promises regarding sentencing or judicial release. The trial court then accepted the plea and made a finding of guilt. On August 8, 2024, it imposed an indefinite prison term of four to six years.

{¶ 5} A little more than six months later, Reyes moved for judicial release. She then withdrew the motion and refiled it on July 7, 2025. The trial court denied judicial release on August 27, 2025. Thereafter, on October 6, 2025, Reyes moved to withdraw her guilty plea. She supported the motion with an affidavit in which she averred as follows:

3. Prior to a pre-trial hearing, I was told by Mr. Fricker, my appointed attorney, that due to my criminal history, the fact that I am transgender in "white conservative county," and that the State in this case would put on a good show, my likelihood of getting a sympathetic jury was very slim and if I was found guilty by the jury, I would be facing 8 years with a two-year mandatory sentence;

4. He told me if I entered a plea of guilt it would be the fastest way for me to get back to my life, because he had worked out an agreement with the judge and the prosecutor that upon my entering a plea of guilt, I would be eligible for judicial release after six months and neither of them would oppose it. I told him I was not guilty, I had provided a witness who had given both a written and verbal recorded statement collaborating my innocence, but I was made to feel like if I didn't accept this plea agreement, I would most likely be found guilty and sentenced to 8 years with a two-year mandatory sentence. I took the plea agreement based upon the belief that I would be granted judicial release in exchange for my plea after 6 months. I have now been incarcerated for more than a year and applied for my judicial [release] after 6 months and

3

was denied due to institutional infractions I had received for arguing with institution staff over their mis-gendering of me both verbally and in writing. I was told that I needed to go 90 days' infraction free before I reapplied for judicial release or I would do the rest of my time. I not only was over the 90-day requirement of being infraction free upon my second application for judicial release but also provided the court with 9 certificates from programming I had completed successfully within the 90 days, yet again I was denied;

5. At my plea hearing Judge Buckwalter asked me if anyone had promised me anything in exchange for my plea, I answered yes, that my attorney had promised me that I would be granted judicial release after serving 6 months in exchange for my plea of guilt. Judge Buckwalter corrected me by informing me that no one, including himself, could promise me that, but that what had been agreed upon by himself, my attorney and the prosecutor was that neither he nor the state would oppose my judicial release after 6 months;

6. He further stated: I can't promise you anything but what I will say is that anytime I have told someone I will not oppose their judicial [release], 9 times out of 10 I have granted it.

{¶ 6} The trial court overruled the plea-withdrawal motion in a brief November 7, 2025 judgment entry. It found Reyes' affidavit insufficient to invalidate the plea. The trial court also noted the affidavit's acknowledgement that she had been told no one could promise her judicial release. Reyes appealed from the trial court's overruling of her plea-withdrawal motion, advancing three assignments of error.

4

## II. Analysis

{¶ 7} To prevail on a post-sentence motion to withdraw a plea, a defendant must demonstrate a manifest injustice. *State v. Hawke*, 2020-Ohio-511, ¶ 13 (2d Dist.). This standard typically requires a clear and openly unjust act or some fundamental flaw in the plea proceeding. *Id*. "We review the trial court's decision denying a post-sentence motion to withdraw a guilty plea for abuse of discretion." *State v. Barker*, 2026-Ohio-1579, ¶ 9 (2d Dist.), citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. An abuse of discretion ordinarily involves a decision that is unreasonable, which means no sound reasoning process supports it. *Id*.

{¶ 8} With the foregoing standards in mind, we turn to Reyes' first assignment of error, which states:

**THE TRIAL COURT ABUSED ITS DISCRETION IN ACCEPTING THE DEFENDANT'S GUILTY PLEA FOR IT WAS NOT MADE KNOWINGLY, VOLUNTARILY, OR INTELLIGENTLY GIVEN, VIOLATING OHIO CONSTITUTION ARTICLE I, SECTIONS 10 AND 16 AND THE 5TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION.**

{¶ 9} Reyes challenges the validity of her guilty plea under Crim.R. 11. She argues that the plea was invalid, because the trial court asked whether anyone had promised her anything to induce the plea but failed to follow up when she responded affirmatively. Reyes claims it is clear from the record that she had been promised a minimum of two years in prison.

{¶ 10} Reyes' assignment of error lacks merit for at least two reasons. First, her arguments require nothing beyond a review of the plea-hearing transcript and the record. That being so, she could have raised them in a direct appeal. Res judicata bars "the

5

assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." *State v. Ketterer*, 2010-Ohio-3831, ¶ 59. Second, the record belies Reyes' assertions regarding a promised two-year minimum sentence and the trial court not following up about her being promised something to induce the plea.

{¶ 11} The parties' own agreement provided for a sentence of four to six years in prison. During the plea hearing, the trial court advised Reyes that the statutory range for felonious assault was two to twelve years in prison. But the record contains no evidence that anyone promised Reyes a two-year prison sentence. The affidavit in support of her plea-withdrawal motion did not even make such a claim. Instead, the record conclusively demonstrates that the promise referenced by Reyes during the plea hearing was the State's agreement not to oppose judicial release from prison. After Reyes indicated that someone had promised her something to induce her plea, the trial paused the hearing while she spoke to her attorney. Defense counsel then told the trial court "what Ms. Reyes is indicating is the plea agreement that the Court has in writing, that there is—in there—it states that the State is not opposed to judicial release after six months." Defense counsel explained "[t]hat's what Ms. Reyes is indicating, when she said promised what was going to happen." Because Reyes' arguments are barred by res judicata and directly controverted by the record, we overrule her first assignment of error.

{¶ 12} The second assignment of error states:

**TRIAL COUNSEL WAS INEFFECTIVE FOR COERCING THE APPELLANT TO PLEAD GUILTY TO FELONIOUS ASSAULT, WHEN IN FACT APPELLANT WANTED TO GO TO TRIAL, VIOLATING THE OHIO AND U.S. CONSTITUTIONS' RIGHT TO EFFECTIVE AND COMPETENT ASSISTANCE OF COUNSEL.**

6

{¶ 13} Reyes contends that ineffective assistance of counsel invalidated her guilty plea, because her attorney improperly coerced the plea. In support, she relies on the assertions in her plea-withdrawal affidavit about defense counsel's advice. She also argues that defense counsel failed to "investigate" witnesses or interview a psychologist before allowing her to plead guilty.

{¶ 14} We review alleged instances of ineffective assistance of counsel under the two-part analysis found in *Strickland v. Washington*, 466 U.S. 668 (1984), which the Ohio Supreme Court adopted in *State v. Bradley*, 42 Ohio St.3d 136 (1989). To prevail on an ineffective-assistance claim, a defendant must show that trial counsel rendered deficient performance and that the deficient performance prejudiced the defense. *Strickland* at 687; *Bradley* at paragraph two of the syllabus. A guilty plea waives all ineffective assistance of counsel unless counsel's deficient performance negated the knowing, intelligent, and voluntary nature of the plea. *State v. Davis*, 2026-Ohio-52, ¶ 11 (2d Dist.).

{¶ 15} We see no ineffective assistance impacting the validity of Reyes' guilty plea. In the affidavit accompanying her plea-withdrawal motion, she claimed her attorney advised that she would be unlikely to get a "sympathetic" jury due to her criminal history, her status as a transgender person in a "white conservative county," and the prosecutor putting on a "good show." She also averred that defense counsel emphasized the statutory eight-year maximum sentence with a two-year mandatory term. Reyes further averred that defense counsel recommended a guilty plea with an agreement that she would be eligible for judicial release after six months with no opposition from the prosecutor or the trial court.

{¶ 16} In our view, counsel's alleged representations fell squarely within the range of competence demanded of a criminal defense attorney. According to Reyes, her attorney assessed the likelihood of her obtaining a sympathetic jury and explained his reasoning.

7

Counsel also cautioned her about the risk of a maximum sentence and accurately represented that a guilty plea would result in eligibility for judicial release after six months without opposition from the State. As for her averment about the trial court purportedly agreeing not to "oppose" judicial release, the trial court also emphasized during the plea hearing that it was not making any promises about judicial release and that Reyes "absolutely" could spend years in prison.

{¶ 17} Finally, Reyes has not identified anything beneficial that a more thorough investigation by defense counsel might have uncovered. Her affidavit asserted only that she had provided her attorney with "a witness who had given both a written and verbal recorded statement collaborating [her] innocence." The affidavit did not identify the witness or the content of the statements. Nor did it claim that defense counsel had not evaluated the statements or the witness's usefulness. Reyes simply averred that, after being provided with the witness, defense counsel made her "feel like" she "would most likely be found guilty." Under these circumstances, we find no prejudicially deficient performance by defense counsel that impacted the knowing, intelligent, and voluntary nature of Reyes' guilty plea. The second assignment of error is overruled.

{¶ 18} The third assignment of error states:

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE TRIAL COURT BREACHED THE PLEA AGREEMENT.**

{¶ 19} Reyes asserts that the trial court and the prosecutor agreed to her eligibility for judicial release after six months in prison. She also claims the prosecutor and the trial court agreed not to oppose judicial release. Reyes claims the prosecutor subsequently breached the plea agreement by opposing judicial release based on her violation of prison rules. Reyes fails to make clear how the trial court purportedly breached the agreement.

{¶ 20} Upon review, we see no evidence of a breach of the plea agreement affecting the validity of Reyes' guilty plea. As noted above, she initially filed and then withdrew a motion for judicial release. She refiled the motion on July 7, 2025, and the trial court overruled it without a hearing on August 27, 2025. Contrary to the assertion in her appellate brief, the record contains no opposition from the State, which did not respond to her motion for judicial release.

{¶ 21} As for the trial court, we see no evidence that it breached the plea agreement either. The agreement was between Reyes and the State. She agreed to plead guilty to felonious assault in exchange for dismissal of the domestic violence charge. The parties also agreed to a prison sentence of four to six years, and the State agreed not to oppose judicial release. During the plea hearing, the trial court stressed to Reyes that it was not bound by the agreement and that there were "no promises from the [c]ourt" about anything. Before entering her plea, Reyes acknowledged understanding that the agreement was between herself and the prosecutor and that the trial court was not obligated "to follow any portion of it." As a matter of law and logic, the trial court could not have breached a plea agreement to which it was neither bound nor a party.

{¶ 22} Finally, regarding Reyes' claim about the trial court agreeing not to "oppose" judicial release, we see no such agreement in the record. But even if the trial court made that statement, its agreement not to "oppose" judicial release certainly was not a promise to grant judicial release. This was made clear by the trial court's repeated admonitions to Reyes during the plea hearing that it was not promising her anything and that she in fact might spend years in prison. For the foregoing reasons, we overrule the third assignment of error.

### III. Conclusion

{¶ 23} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, J., and HUFFMAN, J., concur.